Paige N. Hammer
Wyoming State Bar No. 7-5882
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
307-772-2124
paige.hammer@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 25-CR-115-SWS |
| **RANDALL THOMAS BAILEY,** | |
| Defendant. | |

### UNOPPOSED MOTION TO CONTINUE TRIAL DATE

The United States respectfully moves the Court for an order continuing the trial date of September 22, 2025, and to set the trial in this matter beyond the time limits set forth in 18 U.S.C. § 3161, *et seq.*, and 18 U.S.C. § 3164, *et seq.* ("Speedy Trial Act").

**I.     Background**

On April 2, 2025, a Criminal Complaint was filed charging Mr. Bailey with Possession of Firearm by a Person Subject to a Court Order (Count One); Possession of a Machinegun (Count Two); and Possession of an Unregistered Firearm (Count Three). (ECF No. 1). On July 16, 2025, he was indicted and charged with Possession of Firearm by a Person Subject to a Court Order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(8) (Count One); Possession of Firearm by a Person Subject to a Court Order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(8) (Count Two);

Possession of a Machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (Count Three); and Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d) (Count Four). (ECF No. 21). Mr. Bailey appeared for his initial appearance and arraignment on July 24, 2025. He pled not guilty, and a jury trial was scheduled for September 22, 2025. (ECF No. 31).

On August 5, 2025, Dion Custis entered his appearance for Mr. Bailey. (ECF No. 32).

**II.     Argument**

The district court may exclude from the speedy trial calculation any period of delay resulting from a continuance granted at the request of the attorney for the government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Several nonexclusive factors are included under 18 U.S.C. § 3161(h) for the court to consider when granting a continuance under 18 U.S.C. § 3161(h)(7)(A).

**A.     An essential witness is unavailable for the current trial setting.**

A factor that supports granting a continuance is that an essential witness is unavailable for trial. Section 3161(h)(3)(A) provides for the exclusion of "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" – and (B) "For purposes of subparagraph (A), a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."

The government respectfully asks the Court to consider these factors and grant a reasonable continuance to accommodate Firearms Enforcement Officer Cody Toy with the Bureau of Alcohol, Tobacco, Firearms and Explosives who will be in Europe teaching at a counter terrorism conference. Mr. Toy will be unavailable to testify at trial on the date currently set. He is a material

witness because he is the foundational witness for evidence related to the expert determination of the machinegun and silencer. Mr. Toy has information that is essential for substantiating the allegations in the Indictment and will be unavailable to the government during the dates trial is currently set, thus denying the government adequate opportunity to prepare and present its case in this matter. At this point, no stipulation has been reached whereby the Defendant is stipulating the items qualify, under the statutory definition, as being a machinegun and a silencer.

The United States contacted the Defendant's counsel, Mr. Custis, who indicated he does not object and the United States believes he may also need additional time.

**WHEREFORE,** the government requests this court grant a continuance for the reason that an essential witnesses for the government (Firearms Enforcement Officer Cody Toy) is unavailable the week of September 22, 2025, and is therefore unavailable pursuant to 18 U.S.C. § 3161(h)(3)(A) and (B). The government asks the Court to consider factors enumerated in 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and exclude the period of delay necessary to secure Mr. Toy's appearance at trial.

**DATED** this 8th day of August, 2025.

>Respectfully submitted,
>
>STEPHANIE I. SPRECHER
>Acting United States Attorney
>
>By:   */s/ Paige N. Hammer*
>PAIGE N. HAMMER
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2025, the foregoing **Unopposed Motion to Continue Trial Date** was electronically filed and consequently served on defense counsel.

/s/ Vickie L. Smith
UNITED STATES ATTORNEY'S OFFICE