Paige N. Hammer
Wyoming State Bar No. 7-5882
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
307-772-2124
paige.hammer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 25-CR-115-SWS |
| **RANDALL THOMAS BAILEY,** | |
| Defendant. | |

**UNITED STATES' SECOND UNOPPOSED MOTION TO CONTINUE TRIAL DATE**

The United States respectfully moves the Court for an order continuing the trial date of September 29, 2025, and to set the trial in this matter beyond the time limits set forth in 18 U.S.C. § 3161, *et seq.*, and 18 U.S.C. § 3164, *et seq.* ("Speedy Trial Act").

**I.  Background**

On April 2, 2025, a Criminal Complaint was filed charging Mr. Bailey with Possession of Firearm by a Person Subject to a Court Order (Count One); Possession of a Machinegun (Count Two); and Possession of an Unregistered Firearm (Count Three). (ECF No. 1). On July 16, 2025, he was indicted and charged with Possession of Firearm by a Person Subject to a Court Order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(8) (Count One); Possession of Firearm by a Person Subject to a Court Order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(8) (Count Two);

Possession of a Machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (Count Three); and Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d) (Count Four). (ECF No. 21). Mr. Bailey appeared for his initial appearance and arraignment on July 24, 2025. He pled not guilty, and a jury trial was scheduled for September 22, 2025. (ECF No. 31).

On August 5, 2025, Dion Custis entered his appearance for Mr. Bailey. (ECF No. 32).

On August 8, 2025, the government filed its Unopposed Motion to Continue Trial Date (ECF No. 33) which the court granted on August 11, 2025. (ECF No. 35). Trial is currently set for September 29, 2025. (ECF No. 36).

**II.    Argument**

The district court may exclude from the speedy trial calculation any period of delay resulting from a continuance granted at the request of the attorney for the government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Several nonexclusive factors are included under 18 U.S.C. § 3161(h) for the court to consider when granting a continuance under 18 U.S.C. § 3161(h)(7)(A).

**A.    An essential witness is unavailable for the current trial setting.**

A factor that supports granting a continuance is that an essential witness is unavailable for trial. Section 3161(h)(3)(A) provides for the exclusion of "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" – and (B) "For purposes of subparagraph (A), a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."

The government respectfully asks the Court to consider these factors and grant a reasonable continuance to accommodate Firearms Enforcement Officer Cody Toy with the Bureau of Alcohol, Tobacco, Firearms and Explosives who has been subpoenaed to appear in Jackson, Mississippi for the trial of *United States v. Moore*, Case No. 3:24-cr-00097-KHJ-LGI. This trial is scheduled to begin on September 30, 2025. Mr. Toy will be unavailable to testify at trial on the date currently set in the instant case. He is a material witness because he is the foundational witness for evidence related to the expert determination of the machinegun and silencer. Mr. Toy has information that is essential for substantiating the allegations in the Indictment and will be unavailable to the government during the dates trial is currently set, thus denying the government adequate opportunity to prepare and present its case in this matter. At this point, no stipulation has been reached whereby the Defendant is stipulating the items qualify, under the statutory definition, as being a machinegun and a silencer.

The United States contacted the Defendant's counsel, Mr. Custis, who indicated he does not object.

The United States is requesting this court to reschedule trial to begin on October 20, 2025. Undersigned counsel is out of the country between October 5-13, 2025. Cody Police Department Detective Tyler Eubanks, a material witness in the case, is also scheduled to be on vacation the same week. As well, Detective Eubanks advised on August 13, 2025, that he is set to testify in a state court trial in Park County, Wyoming which is scheduled for October 14-17, 2025. The United States anticipates having Detective Eubanks sit as an advisory witness through trial and thus cannot schedule around his state court testimony. Finally, the United States conferred with Mr. Custis and he is available the week of October 20, 2025.

**WHEREFORE,** the government requests this court grant a continuance for the reason that an essential witnesses for the government (Firearms Enforcement Officer Cody Toy) is unavailable the week of September 29, 2025, and is therefore unavailable pursuant to 18 U.S.C. § 3161(h)(3)(A) and (B). The government asks the Court to consider factors enumerated in 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and exclude the period of delay necessary to secure Mr. Toy's appearance at trial.

**DATED** this 14th day of August, 2025.

                                           Respectfully submitted,

                                         DARIN D. SMITH
                                         United States Attorney

By:    */s/ Paige N. Hammer*
        PAIGE N. HAMMER
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2025, the foregoing **United States' Second Unopposed Motion to Continue Trial Date** was electronically filed and consequently served on defense counsel.

                                         */s/ Vickie L. Smith*
                                         UNITED STATES ATTORNEY'S OFFICE