FROM: James R. Murr
16216 N 54th St
Scottsdale AZ 85254
480-200-0286
MurrJamesR@gmail.com

```
--FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 DEC 12 PM 1:34

MARGARET BOTKINS, CLERK
           CASPER
```

6 December 2025

TO:   The Honorable Scott W. Skavdahl
      Attn: Clerk of the District Court
      2120 Capitol Avenue
      Cheyenne, Wyoming 82001

RE: Letter of Support for Randall Bailey – Case No. 25-CR-115

Your Honor,

My name is **James R. Murr**, and I am writing to provide a character reference in support of **Randall Bailey** in connection with Case No. 25-CR-115, currently pending before the Court. I have known Randy for over fifteen years, initially as a professional colleague, and over that time we developed a close personal friendship. We spoke multiple times a week, traveled together, and planned several hunting trips. Our friendship has always been based on trust, mutual respect, and genuine personal support. In all my years of knowing him, Randy has consistently demonstrated honesty, integrity, and a sincere desire to do what is right.

Randy's devotion to his children has always been one of his defining qualities. He frequently drove four to six hours each way to attend their athletic events and competitions, ensuring he was present for them regardless of distance or difficulty. He took parenting seriously, often serving as the primary caregiver for many years while his former wife traveled regularly to participate in Ironman-style triathlon competitions. He managed these responsibilities with patience, love, and unwavering commitment.

Randy has also acted with integrity and responsibility in the broader community. His work as an athletic judge was handled professionally and respectfully. He repeatedly put others before himself—caring for his mother in North Carolina when his siblings were unable to do so, and traveling between Cody and Billings to assist friends in need. On one memorable occasion, he devoted an entire week to helping a friend finish construction of a large metal barn before winter. He is the kind of person who quietly steps in when someone needs help, without ever seeking recognition.

Professionally, Randy has maintained a strong work ethic across a career spanning more than thirty years in the telecommunications industry. His roles required technical expertise, reliability, and sound judgment. In difficult work situations, he communicated openly, honestly, and calmly, which earned him the respect of colleagues and peers.

Randy has also been a personal source of support in my own life. Over several years of hardship involving my family, he was consistently present, offering thoughtful, measured guidance and emotional support. He has always been a steady, grounding person for those around him.

Randy has accepted responsibility for his actions in this case and fully understands the seriousness of the lapse in judgment that led him here. In the many conversations we have had since his arrest, I have seen genuine remorse—not only for the conduct itself, but for the year of lost time with his sons while he has been incarcerated. That separation has weighed heavily on him.

I do not believe Randy will reoffend. This situation is wholly out of character for a man who has lived more than sixty years with honor, stability, and responsibility. His behavior throughout his life has been peaceful, steady, and respectful of others. He has never been impulsive or reckless, and nothing in his long history suggests any ongoing risk of reoffending. Randy has a strong, committed support network—including myself—and I would gladly welcome him into my own home if needed to demonstrate my trust in him and to ensure he has a safe, supportive, and stable environment awaiting his return.

Randy's life reflects a longstanding respect for lawful processes, cooperation with authorities, and dedication to his family and community. Outside of this isolated incident, there has never been a moment in which he displayed disregard for legal or social responsibilities.

Your Honor, I respectfully ask that you consider leniency in Randy's case and allow him the opportunity to return to his life under supervised release or probation. If incarceration is required, I ask that the sentence be at the lowest end of the applicable guideline range. Based on his history, character, and demonstrated remorse, I believe Randy is an excellent candidate for alternatives to further incarceration.

Thank you for taking the time to review my perspective and for considering the full measure of Randy's character. I remain available to the Court or the Probation Office if any additional information is needed, and I will continue to support Randy as he moves forward.

Respectfully,

*James R Murr*

James R Murr